## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND BURGISON,<br>    *Plaintiff*,<br><br>      v.<br><br>DERON SMITH *et al.*,<br>    *Defendants*. | No. 3:24-cv-1001 (JAM) |

### INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Raymond Burgison is a sentenced prisoner in the custody of the Connecticut

Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42

U.S.C. § 1983 alleging that Connecticut prison officials violated his rights under the Eighth

Amendment. Based on my initial review of his complaint, I will dismiss Burgison's claims

without prejudice pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

The following facts alleged in the complaint are accepted as true for the purpose of initial

review only. While "out for rec" on an unspecified date, Burgison was "assaulted by 3 inmates."[1]

Burgison ran from his attackers until he ultimately had to "jump off the top tier" of a structure.[2]

Burgison alleges that the defendant correctional officers were "in the unit at the time of

the assault" but that they "back[ed] up to the wall and put their hand[s] up" and "did not try to or

at[te]mpt to stop the assault from happen[ing]."[3] As a result of the attack, Burgison claims he has

"rods in [his] wrist and . . . PTSD."[4]

---

[1] Doc. #1 at 4.
[2] *Ibid.*
[3] *Id.* at 5.
[4] *Ibid.*

On June 6, 2024, Burgison filed this complaint.[5] He names nine correctional officers as defendants: Deron Smith, Blevons, Mayo, Quaid Colleymore, Croby, Olson, Atwater, Say, and Defelica.[6]

## DISCUSSION

Congress by law requires that a federal court conduct an initial review of a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[7] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid.*

Burgison appears to allege a violation of his rights under the Eighth Amendment to the U.S. Constitution. The Eighth Amendment protects against the infliction of cruel and unusual punishment. *See* U.S. Const. amend. VIII.

In particular, the Supreme Court has recognized that prison officials must "take reasonable measures to guarantee the safety of inmates in their custody" and "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Yet, as the Supreme Court has explained, "[i]t is not, however, every injury suffered by one

---

[5] Doc. #1.

[6] *Id.* at 1, 3–4.

[7] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.

Instead, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Thus, a claim of deliberate indifference to a prisoner's health or safety requires a showing of more than mere negligence; to the contrary, the prison official must be shown to have known of and disregarded an excessive risk to inmate health or safety. *See Jabbar v. Fischer*, 683 F.3d 54, 57-59 (2d Cir. 2012) (*per curiam*).

Burgison has not alleged facts that are enough to meet this standard. He does not allege that any of the defendant officers had prior knowledge of the assault. At most, the facts alleged suggest that the officers were negligent—rather than intentional or reckless—in failing to take more appropriate action when they saw Burgison being chased by his assailants.

"It is well-established that prison officials cannot be deliberately indifferent to a surprise attack." *Rivera v. Royce*, 2021 WL 2413396, at *8 (S.D.N.Y. 2021) (collecting cases); *see Croney v. Dep't of Corr.*, 2024 WL 406682, at *3 (W.D.N.Y. 2024) (same). Here, Burgison does not "allege that the defendants knew of a prior altercation between the plaintiff and his attacker, or of threats that had been made against the plaintiff." *Croney*, 2024 WL 406682, at *3.

Nor does the complaint distinguish between the role and positions of any of the nine officer defendants. Merely the fact that a defendant was present somewhere "in the unit" at the time that a prisoner attacks another prisoner is not enough to suggest that the defendant may be held liable. Instead, a plaintiff must plausibly allege each defendant's personal involvement in

the alleged constitutional deprivation to establish his or her liability for a violation of the plaintiff's constitutional rights. *See Kravitz v. Purcell*, 87 F.4th 111, 129 (2d Cir. 2023); *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).

In short, the complaint does not allege enough facts for any of the defendants to plausibly suggest that they were intentionally or deliberately indifferent to Burgison's safety. Accordingly, I will dismiss Burgison's claim pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint without prejudice pursuant to 28 U.S.C. §1915A(b)(1). The Clerk of Court shall close this case. If Burgison has good faith grounds to allege facts that overcome the concerns stated in this ruling, he may file an amended complaint on or before **November 12, 2024**, and the Court will then re-open the case to conduct another initial review of any timely amended complaint.

It is so ordered.

Dated at New Haven this 10th day of October 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge